UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO ORLANDO HARDY, #253232,
          Plaintiff,

v.                                              CASE NO. 08-10883
                                            HONORABLE ANNA DIGGS TAYLOR

THE STATE OF MICHIGAN,
JENNIFER M. GRANHOLM,
THOMAS M. HARP, and PAUL G. STATEN,

          Defendants.
_____/

## ORDER OF DISMISSAL

### I. Introduction

      Plaintiff Antonio Orlando Hardy is a state prisoner at Carson City Correctional Facility in Carson City, Michigan. He has filed a *pro se* complaint under 42 U.S.C. § 1983. The defendants are: the State of Michigan; Jennifer M. Granholm, Governor of the State of Michigan; Thomas M. Harp, Administrator of the Michigan Appellate Assigned Counsel System; and Paul G. Staten, a private attorney with offices in Wayne County, Michigan. Plaintiff has sued Governor Granholm and Thomas Harp in their official capacities and Mr. Staten in his individual and official capacities.

      The complaint alleges that, in 1996, Plaintiff pleaded guilty to second-degree murder and was sentenced to life imprisonment. In 1997, defendant Thomas M. Harp appointed defendant Paul G. Staten to represent Plaintiff on appeal from Plaintiff's conviction. According to Plaintiff, Staten failed to file a timely application for leave to appeal in the Michigan Court of Appeals. In 1998, Staten allegedly filed a motion for relief from judgment in Petitioner's behalf.

However, the trial court denied the motion, and the State's appellate courts denied leave to appeal the trial court's decision.

Plaintiff alleges that Staten raised meritless issues in the motion for relief from judgment and failed to move to withdraw Plaintiff's guilty plea before filing the motion. Plaintiff also claims that he has been deprived of his right to an appeal in the Michigan Court of Appeals, his right to appellate counsel, and his right to assert a claim of ineffective assistance of appellate counsel. He seeks declaratory, injunctive, and monetary relief.

## II. Standard of Review

Federal district courts must "undertake *sua sponte* review of Section 1983 complaints filed by prisoners to determine whether the complaints state claims on which relief may be granted." *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002), *abrogated on other grounds by Jones v. Bock*, __ U.S. __, 127 S. Ct. 910 (2007). "A district court is required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel. . . ." *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). A federal district court may dismiss a prisoner's civil rights action or any portion of it under 28 U.S.C. §§ 1915(e)(2) and 1915A if the complaint (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.

Plaintiff prepaid the filing fee for this action. Therefore, the Court may not summarily dismiss his complaint under 28 U.S.C. § 1915(e)(2). *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999). *Benson* does not prohibit federal courts from screening fee-paid prisoner civil

rights complaints against government officials under §1915A.[1]  *Hyland v. Martin*, 234 F.3d 1268, 2000 WL 1647952, at *1 (6th Cir. Oct. 25, 2000) (unpublished opinion). A district court also may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) if the allegations in the complaint "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to allege grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, __, 127 S. Ct. 1955, 1964-65 (2007) (internal and end citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (internal and end citations and footnote omitted).

### III. Discussion

#### A. *Heck v. Humphrey*

Plaintiff's claims are frivolous because they challenge his conviction and unsuccessful appeal. An attack on the fact or duration of confinement is more appropriate in a habeas corpus

---

[1] "The requirements of § 1915(e)(2) overlap the criteria of § 1915A. Section 1915A is restricted to prisoners who sue government entities, officers, or employees. In contrast, § 1915(e)(2) is restricted neither to actions brought by prisoners, nor to cases involving government defendants. Further, § 1915A is applicable at the initial stage of the litigation, while § 1915(e)(2) is applicable throughout the entire litigation process." *McGore*, 114 F.3d at 608.

3

petition, following exhaustion of state remedies. *Preiser v. Rodriguez*, 411 U.S. 475, 499 & 499 n. 14 (1973). Plaintiff has no right to relief in a civil rights action unless the order or judgment holding him in custody has been invalidated by state officials or impugned in a federal habeas corpus action. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *Heck* and other Supreme Courts cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- "*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original). Plaintiff has not shown that the judgment holding him in custody has been invalidated by state officials or impugned on federal habeas corpus review, and success in this action would demonstrate the invalidity of his confinement. Therefore, he has no right to the relief he seeks.

### B. The Defendants

Plaintiff's claims lack merit for additional reasons. The Eleventh Amendment bars civil rights actions against a state and its departments unless the state has waived its immunity. *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 66 (1989); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (*per curiam* opinion). Eleventh Amendment immunity "is far reaching. It bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984), by citizens of another state, foreigners or its own citizens. *Hans v. Louisiana* 134 U.S. 1, 10 S. Ct. 504 (1890)." *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993). "The state of Michigan . . . has not consented to being sued in civil rights

actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate the states' sovereign immunity under the Eleventh Amendment when it enacted § 1983. *Hutzell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993). Consequently, the State of Michigan is immune from suit.

Plaintiff has not shown that Governor Granholm had any personal involvement in depriving him of his right to an appeal or his right to effective appellate counsel. "[D]amage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) (emphasis in original). Because Plaintiff has not alleged any specific facts about Governor Granholm, he has failed to state a claim against her.

Defense attorneys, even those appointed by the courts, do not act under color of law when performing traditional functions as counsel to a defendant in a criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (public defenders); *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968) (private attorneys). For this reason, Plaintiff has failed to state a claim against defendant Staten. *See Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (explaining that, to successfully establish a *prima facie* case under § 1983, a civil rights plaintiff must prove that the defendants acted under color of law and deprived the plaintiff of rights secured by federal law). To the extent that Plaintiff seeks to hold defendant Harp responsible for Staten's conduct, he has failed to state a claim, because vicarious liability is not a basis for relief

under § 1983.  *Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. Dep't of Soc. Serv. of the City of New York*, 436 U.S. 658, 694-95 (1978)).

## IV.  Conclusion

For all the reasons given above, the Court concludes that Plaintiff's claims are frivolous, fail to state a claim, and seek money damages from an entity that is immune from suit. Accordingly, the complaint is dismissed under 28 U.S.C. § 1915A and Federal Rule of Civil Procedure 12(b)(1).  An appeal from this order would be frivolous and could not be taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore*, 114 F.3d at 610-11.


DATED:  April 14, 2008                                s/Anna Diggs Taylor
                                                     ANNA DIGGS TAYLOR
                                                     UNITED STATES DISTRICT JUDGE

---

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing Order of Dismissal and Judgment was served upon Plaintiff by First Class U.S. mail on April 14, 2008.

Antonio Hardy, #253232
Carson City Correctional Facility
10522 Boyer Road
Carson City, MI 48811                               s/Johnetta M. Curry-Williams
                                                    Case Manager